# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOOTER'S COFFEE, LLC,<br>a Nebraska limited liability company,<br>10500 Sapp Bros. Drive<br>Omaha, Nebraska 68138,<br><br>    Plaintiff,<br><br>  v.<br><br>SCOOTER'S FROZEN CUSTARD, LLC,<br>an Illinois limited liability company,<br>1658 W. Belmont Avenue<br>Chicago, Illinois 60614,<br><br>    Defendant. | Civil Action No. 1:19-cv-03763 |

## COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK RIGHTS AND CANCELLATION OF STATE TRADEMARK REGISTRATION

### NATURE OF THE CASE

This is an action brought under 28 U.S.C. § 2201 for a judgment declaring that the geographic scope of Defendant's common law trademark rights in its SCOOTER'S FROZEN CUSTARD mark is limited to the Roscoe Village/Lakeview neighborhoods of Chicago, Illinois. Accordingly, based on Plaintiff's long-standing use and nationwide constructive rights, Plaintiff has the right to use its SCOOTER'S trademark anywhere in the United States, including in Illinois, outside of the Roscoe Village/Lakeview neighborhoods of Chicago, and said use does not infringe any trademark or other right Defendant claims to own. Nor would Plaintiff's use of its trademarks in Illinois, outside of the Roscoe Village/Lakeview neighborhoods of Chicago, damage Defendant in any manner under any federal or state laws, including the Trademark Act

1

of 1946, as amended, 15 U.S.C. § 1051 *et seq*. Plaintiff also seeks cancellation of Defendant's Illinois State Trademark Registration No. 111864 under Illinois Code 765 § 1036/45.

This action arises out of Defendant's accusation that Plaintiff's intention to offer goods and services in Illinois under Plaintiff's federally registered and incontestable marks SCOOTER'S and SCOOTER'S COFFEE constitutes trademark infringement under federal, state, and common law, and an actual, substantial, definite, and immediate controversy exists between the parties resulting therefrom. In order to protect Plaintiff's substantial investment in its SCOOTER'S marks, and to resolve the uncertainty regarding Plaintiff's right to expand into Illinois, Plaintiff is compelled to bring this declaratory judgment action.

## THE PARTIES

1. Plaintiff Scooter's Coffee, LLC is a Nebraska limited liability company with its headquarters located at 10500 Sapp Bros. Drive, Omaha, Nebraska 68138. Plaintiff is a national drive-thru, coffeehouse franchise system. Plaintiff first used the word SCOOTER'S as part of its mark at its first coffeehouse location in Bellevue, Nebraska on March 23, 1998.

2. On information and belief, Defendant Scooter's Frozen Custard, LLC is an Illinois limited liability company with its principal place of business located at 1658 W. Belmont Avenue, Chicago, Illinois 60657.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under Section 39 of the Trademark Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331, 1338, 1367 and 2201.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**PLAINTIFF'S TRADEMARK RIGHTS**

5. Plaintiff, through itself and its franchisees, operates coffeehouses and restaurants serving specialty coffee drinks, smoothies, food, and other related goods.

6. Plaintiff is the owner of several valid and subsisting U.S. federal trademark registrations for its mark, SCOOTER'S, and for its family of related SCOOTER's marks, including:

| MARK | REG. NO. / REG. DATE | GOODS / SERVICES |
|---|---|---|
| SCOOTER'S | Reg. No. 3,207,069 February 13, 2007 | IC 043: Coffee house services featuring counter-ordering of specialty coffee drinks and smoothies. |
| SCOOTER'S COFFEE | Reg. No. 4,249,693 November 27, 2012 | IC 035: Drive-through retail store services featuring coffee, smoothies, frozen yogurt and related goods.<br><br>IC 043: Restaurant services; snack bar services; coffee shops; coffeehouse services featuring coffee, smoothies, frozen yogurt and related goods. |

(hereinafter referred to collectively as the "SCOOTER'S Marks"). Registration Nos. 3,207,069 and 4,249,693 are incontestable. Certificates of Registration for the SCOOTER'S Marks are attached hereto as Exhibit A.

7. Plaintiff has used the SCOOTER'S portion of its Marks in connection with drive-through retail store services featuring coffee, smoothies, and related goods; franchise services; and the sale of coffee beans, coffee-based beverages, and related goods since at least as early as March 23, 1998.

8. Plaintiff filed its first trademark application for SCOOTER'S on June 25, 2004, the registration for which issued on February 13, 2007 (Reg. No. 3207069) (the "'069 Reg.").

3

9. As a result of its federal trademark registration, Plaintiff gained nationwide constructive priority rights in its mark SCOOTER'S for the above-identified goods and services as of the filing date of its application, June 25, 2004, against any junior uses of the mark after that date.

10. Since March 23, 1998, Plaintiff has promoted the mark SCOOTER'S in connection with the above-identified goods and services. As a result, the SCOOTER'S Marks have become associated in the minds of the consuming public with its quality coffeehouse and restaurant services, as well as Plaintiff's coffee and related products.

11. Today, Plaintiff's affiliate and franchisees operate over 200 Scooter's Coffee® locations in 14 states, including in Arkansas, Arizona, California, Colorado, Iowa, Florida, Georgia, Kansas, Missouri, Nebraska, Oklahoma, South Dakota, Texas, and Utah.

12. Plaintiff is actively pursuing potential candidates to open one or more franchise locations in the suburban Chicago, Illinois market and other parts of Illinois outside of the Roscoe Village/Lakeview neighborhoods of Chicago.

**DEFENDANT'S LIMITED COMMON LAW RIGHTS IN THE MARK "SCOOTER'S FROZEN CUSTARD"**

13. Defendant operates a single frozen custard shop at 1658 W. Belmont Avenue, located in the Roscoe Village/Lakeview neighborhoods of Chicago, Illinois, under the business name and trademark, SCOOTER'S FROZEN CUSTARD.

14. On information and belief, Defendant first began using the mark SCOOTER'S FROZEN CUSTARD on June 19, 2003, in connection with a frozen custard shop.

15. On information and belief, at the time of Plaintiff's federal trademark filing on June 25, 2004, Defendant's customer base, advertising, and publicity was limited to the immediate area surrounding Defendant's single 1658 W. Belmont Avenue location.

16. On information and belief, for as long as it has been open, Defendant's frozen custard shop has operated on a seasonal schedule, closing its doors each year between November and March.

17. On information and belief, at the time of Plaintiff's federal trademark filing on June 25, 2004, Defendant did not have plans to expand its operation to a new location, or open any additional locations under the SCOOTER'S FROZEN CUSTARD trademark.

18. On information and belief, to date, Defendant has not opened any additional locations under the SCOOTER'S FROZEN CUSTARD trademark.

19. On information and belief, at the time of Plaintiff's federal trademark filing on June 25, 2004, Defendant's only use of the SCOOTER'S FROZEN CUSTARD mark was in connection with its single restaurant location at 1658 W. Belmont Avenue located in the Roscoe Village/Lakeview neighborhoods of Chicago, Illinois.

20. As a result of Defendant's limited use of the SCOOTER'S FROZEN CUSTARD mark at the time of Plaintiff's federal trademark filing, Defendant's common law rights in the SCOOTER'S FROZEN CUSTARD mark are limited to the geographic area comprising the Roscoe Village/Lakeview neighborhoods of Chicago, Illinois.

**DEFENDANT THREATENS PLAINTIFF WITH LITIGATION**

21. On or about January 24, 2017, counsel for Defendant sent a demand letter to Don Eckles, Plaintiff's Chairman and Co-Founder, at Plaintiff's headquarters in Omaha, Nebraska. The letter stated, *inter alia*, that Defendant owns common law rights to the mark SCOOTER'S; that Defendant has used the SCOOTER'S mark in connection with its "Scooter's Frozen Custard store as well as custards, ice cream, sandwiches, pies, and other food and beverage items" since 2003; that Defendant has "built up substantial goodwill in its SCOOTER'S mark throughout the

Chicagoland area" such that the mark has become "well known and associated throughout the Chicagoland area with . . . Scooter's Frozen Custard store and foods and beverages sold under [Defendant's] SCOOTER'S mark." The letter also asserted that Defendant learned that Plaintiff was "considering opening a coffee shop in Chicago under the SCOOTER'S name," and that doing so would cause consumer confusion "with respect to [Defendant's] longstanding prior use of its SCOOTER'S mark in Chicago."

22. At the time of Defendant's letter, Plaintiff was not planning to offer its goods or services in Illinois, and Plaintiff's counsel relayed the same to Defendant's counsel by telephone.

23. However, later in 2017, Plaintiff was presented with an opportunity to work with a prospective franchisee in developing one or more Scooter's Coffee® franchise locations in Illinois, specifically in the south Chicago suburbs.

24. Plaintiff reached out to Defendant directly to disclose that Plaintiff was planning to expand into the Chicagoland area.

25. On or about December 1, 2017, Defendant's counsel sent Plaintiff's counsel an email objecting to Defendant's plan to expand its use of its SCOOTER'S Marks into Illinois.

26. On or about December 7, 2017, counsel for Plaintiff spoke to Defendant's counsel regarding Plaintiff's intention to expand its franchise system to Illinois. Plaintiff's counsel asked Defendant to define the geographic scope of its claimed common law rights in the SCOOTER'S FROZEN CUSTARD mark. Defendant did not respond to Plaintiff's inquiry.

27. Plaintiff's counsel made two additional attempts to ascertain Defendant's claimed area of common law rights via separate emails to Defendant's counsel on December 21, 2017 and May 10, 2018, but again received no response from Defendant.

28. On or about July 11, 2018, Plaintiff's counsel again emailed Defendant's counsel with a request to articulate the specific geographic area in which Defendant believed it had common law rights. Defendant's counsel responded on July 18, 2018, stating in part, "Suffice it to say that our client objects to any use by your client of the 'Scooter's' mark anywhere in the Chicago area, where you claim your client is planning to open its new store(s), but this should not be construed as any acquiescence that our client has no objection to your client using the mark elsewhere in Illinois."

29. On or about August 2, 2018, Plaintiff's counsel wrote Defendant's counsel yet again requesting that Defendant specify the geographic scope of its alleged common law rights. Defendant's counsel responded on August 21, 2018, stating that he was conferring with his client and would respond shortly. However, Defendant and its counsel never responded further.

30. On information and belief, Defendant continues to assert that Plaintiff's use of the SCOOTER'S Marks in the "Chicagoland area", including in the south suburbs of Chicago where Plaintiff intends to open its restaurant, will infringe Defendant's common law rights in the SCOOTER'S FROZEN CUSTARD mark.

31. Plaintiff denies that the geographic scope of Defendant's common law rights extends to the entire "Chicagoland area" and that Plaintiff's use of the SCOOTER'S Marks in Illinois, outside of the Roscoe Village/Lakeview neighborhoods, infringes or will infringe Defendant's limited common law rights.

**DEFENDANT FILES STATE TRADEMARK REGISTRATION**

32. Upon information and belief, sometime in 2018, with full knowledge of Plaintiff's federal trademark registrations and nationwide priority in the SCOOTER'S Marks, Defendant

filed an Illinois state trademark registration for the mark SCOOTER'S FROZEN CUSTARD and

Design,  (Ill. Reg. No. 111864).

33. Illinois Reg. No. 111864 issued on June 7, 2018, more than ten years after Plaintiff's '069 Registration issued on February 13, 2007.

34. Defendant's Illinois Reg. No. 111864 for the mark SCOOTER'S FROZEN CUSTARD and Design is confusingly similar to Plaintiff's long-standing and incontestable federally registered SCOOTER'S Marks, through which Plaintiff has nationwide senior rights outside of the Roscoe Village/Lakeview neighborhoods of Chicago.

35. Defendant filed its state application intentionally, willfully, fraudulently, and with full knowledge of Plaintiff's prior rights. Defendant did so specifically to cause Plaintiff harm.

## COUNT I
### DECLARATORY JUDGMENT THAT PLAINTIFF'S ENTRY INTO ILLINOIS DOES NOT INFRINGE DEFENDANT'S COMMON LAW RIGHTS IN THE MARK "SCOOTER'S FROZEN CUSTARD"

36. Plaintiff incorporates Paragraphs 1-35 as though fully set forth herein.

37. On information and belief, Defendant first used the common law mark SCOOTER'S FROZEN CUSTARD at 1658 West Belmont Avenue, Chicago, IL 60657 on or about June 19, 2003.

38. On or about February 13, 2007, the USPTO granted Plaintiff's '069 Registration, establishing Plaintiff's constructive nationwide rights in its word mark SCOOTER'S as of June 25, 2004 (Plaintiff's filing date).

39. On information and belief, between June 19, 2003 and June 25, 2004, Defendant's sole use of the mark SCOOTER'S FROZEN CUSTARD was in connection with its single store located at 1658 West Belmont Avenue, Chicago, Illinois 60657.

40. As a result of its limited use and advertising, Defendant's common law rights in the SCOOTER'S FROZEN CUSTARD mark are limited to the Roscoe Village/Lakeview neighborhoods of Chicago, Illinois.

41. Plaintiff has a bona fide intention to use its SCOOTER'S Marks in Illinois outside of the Roscoe Village/Lakeview neighborhoods of Chicago in connection with coffee house and restaurant services, and with the sale of coffee, ice cream, and other related goods.

42. By claiming that Plaintiff would infringe Defendant's trademark rights in violation of the Lanham Act and related state trademark laws, Defendant has created an actual, substantial, and immediate controversy between the parties, who have adverse legal interests that warrants declaratory relief.

43. Plaintiff is entitled to, and hereby requests that the Court enter, a judgment declaring that its use of the SCOOTER'S Marks in connection with coffee house and restaurant services in Illinois, outside of the Roscoe Village/Lakeview neighborhoods of Chicago, Illinois, does not infringe any trademark or other rights which Defendant claims to own, and that Plaintiff's use of its SCOOTER'S Marks in Illinois, outside of the Roscoe Village/Lakeview neighborhoods of Chicago, Illinois, does not violate any other federal or state trademark laws, including but not limited to the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq*.

**COUNT II**
**CANCELLATION OF DEFENDANT'S STATE TRADEMARK REGISTRATION NO. 111864 UNDER 765 ILL. COMP. STAT. 1036/45**

44. Plaintiff incorporates Paragraphs 1-43 as though fully set forth herein.

45. Defendant owns Illinois state trademark Registration No. 111864 for the mark SCOOTER'S FROZEN CUSTARD and Design for use in connection with "ice cream shop" services.

46. Defendant applied for an Illinois state trademark registration for its mark SCOOTER'S FROZEN CUSTARD and Design after Defendant sent its first demand letter to Plaintiff on January 24, 2017. Defendant's Reg. No. 111864 issued on June 7, 2018.

47. At the time Defendant filed its trademark application, Defendant had knowledge of Plaintiff's SCOOTER'S Marks and federal trademark registrations, as well as of Plaintiff's intention to offer its goods and services in Illinois under Plaintiff's SCOOTERS Marks.

48. At the time Defendant filed its trademark application, Defendant believed Plaintiff's goods and services sold under the SCOOTER'S Marks to be so closely related to Defendant's goods and services as to be likely to cause consumer confusion.

49. Upon information and belief, at the time Defendant filed its trademark application, the Illinois trademark application required every applicant to declare under penalty of perjury that "the statements made in the foregoing application are true, and that to his/her knowledge no other person has registered the Mark, either federally or in this State, or has the right to use the Mark either in the identical form thereof or in such near resemblance thereto as to be likely, when applied to the goods or services of such other person, to cause confusion or to cause mistake, or to deceive." (emphasis added).

50. Upon information and belief, because every Illinois state trademark application required the above sworn statement, Defendant declared under penalty of perjury that "to [Defendant's] knowledge no other person has registered the Mark, either federally or in this State, or has the right to use the Mark either in the identical form thereof or in such near resemblance thereto as to be likely, when applied to the goods or service of such other person, to cause confusion or to cause mistake, or to deceive."

51. Defendant acted intentionally, willfully, and with the intent to deceive the Illinois Secretary of State when it swore that it had no knowledge of any other person with a federal trademark registration confusingly similar to Defendant's SCOOTER FROZEN CUSTARD and Design mark because if it had disclosed its knowledge of Plaintiff's federal trademark registrations, Defendant's registration would not have issued pursuant to 765 ILCS 1036/10, which states that a mark "shall not be registered if it . . . (f) consists of or comprises a mark which so resembles a mark registered in this State of a mark of (sic) tradename previously used by another and not abandoned, as to be likely, when used on or in connection with the goods or services of the application, to cause confusion or mistake or to deceive." (emphasis added).

52. On information and belief, the Illinois Secretary of State relied on Defendant's sworn statement in granting Defendant's application for a state trademark registration because, pursuant to 765 ILCS 1036/10, the Secretary of State would not have otherwise registered Defendant's mark.

53. Defendant's registration was therefore granted improperly or otherwise obtained fraudulently.

54. An Illinois state trademark registration may be cancelled if it is determined that the registration was "granted improperly," "obtained fraudulently," when "the registered mark is so similar, as to be likely to cause confusion or mistake or to deceive, to a mark registered by another person in the United States Patent and Trademark Office prior to the date of the filing of the application for registration by the registrant hereunder, and not abandoned," or when the "circuit court shall find its cancellation on any ground." See 765 Ill. Comp. Stat. 1036/45.

55. For the foregoing reasons, Defendant's Reg. No. 111864 should be cancelled under 765 Ill. Comp. Stat. 1036/45(c)3, 4 and 6 and (d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgement as follows:

 1. Declaring, pursuant 22 U.S.C. § 2201, that Plaintiff's use of the SCOOTER'S Mark anywhere in the United States outside of the Roscoe Village/Lakeview neighborhoods of Chicago, Illinois, does not infringe any federal or state trademark laws or other rights which Defendant claims to own;

 2. Cancelling Defendant's Illinois State Trademark Registration No. 111864 pursuant to 765 ILCS 1036/45;

 3. Enjoining Defendant from interfering with the use and federal registration of Plaintiff's SCOOTER'S Marks; and

 4. Awarding Plaintiff such other and further relief as this court may deem just and proper.

    Respectfully submitted,

Dated: June 6, 2019  **JACOVER LAW LLC**

    By:    s/Aric S. Jacover
      Aric S. Jacover (IL Bar No. 6277709)
      990 Grove, Suite 402
      Evanston, IL 60201
      Phone: 312-569-0434
      aric@jacoverlaw.com

Dated: June 6, 2019  **GRAY, PLANT, MOOTY, MOOTY**
      **& BENNETT, P.A.**

    By:    s/ Michael R. Gray
      Michael R. Gray* (MN Bar No. 175602)
      Ashley M. Bennett Ewald* (MN Bar No. 0388301)
      Molly R. Littman* (MN Bar No. 0398449)
      500 IDS Center
      80 South 8th Street
      Minneapolis, MN 55402

        Phone: 612-632-3000
        Fax: 612-632-4444
        michael.gray@gpmlaw.com
        ashley.ewald@gpmlaw.com
        molly.littman@gpmlaw.com
        *Pro Hac Vice Application to be Submitted
        **Attorneys for Scooters Coffee, LLC**